United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>STANFORD UNIVERSITY,<br><br>        Defendant.<br>_____/ | No. C-13-04457 EMC<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

      Plaintiff Franklin H. Wright ("Plaintiff") filed a Complaint (Dkt. No. 1) and Application to Proceed *In Forma Pauperis* ("IFP Application") (Dkt. No. 2) on September 26, 2013. For the reasons stated below, the Court **GRANTS** the IFP Application and **DISMISSES** the complaint without leave to amend.

## I.   FACTUAL ALLEGATIONS

      On or about September 17, 2013, Plaintiff visited the campus of Stanford University in an attempt to meet with the dean of the law school. (Compl. at 1). The purpose of his visit was to obtain legal help from law students, professors, and other attorneys. (*Id.* at 1-2). Plaintiff did not meet with the dean on that day. (*Id.* at 2). The next day, Plaintiff wrote an email to the dean requesting money, clothing, shoes, shelter, legal resources, a gym membership and a Zipcar membership. (*Id.*) Plaintiff unsuccessfully attempted several more times to meet or communicate with the dean. (*Id.*) He eventually met with a woman (who apparently worked with the dean or was otherwise affiliated with Stanford). (*Id.* at 3-9). After the meeting, Plaintiff "drove to his hotel, threw everything away but what he could carry around the city, had his injured car repossessed,

1 walked 8 miles from the car dealership to the City of San Francisco and entered the homeless
2 system." (*Id.* at 5). Plaintiff appears to allege causes of action for libel, slander, and breach of
3 fiduciary duty. (*Id.* at 1).

## II. DISCUSSION

A. IFP Application

Having evaluated Plaintiff's financial affidavit, the Court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants the IFP Application.

B. Review of Complaint

In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case sua sponte if the party applying for *in forma pauperis* status files a frivolous action or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. As such, "[a] court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Id.* (citing *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)).

First, it appears that this Court does not have subject matter jurisdiction over this lawsuit because the complaint raises no federal questions and diversity jurisdiction does not exist because Plaintiff and Stanford University are both located in California. Plaintiff appears to allege that he is a citizen of Ohio, but also states that he is in California "with hopes of permanently residing here." (Dkt. No. 1, at 7). Accordingly, for purposes of diversity jurisdiction, he is deemed a citizen of California. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile . . . . A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

1    Second, Plaintiff fails to allege any facts that would support actionable claims. A defamation claim under California law can include either a claim for slander or for libel. *St. Paul Mercury Ins. Co. v. Tessera, Inc.*, 908 F. Supp. 2d 1054, 1060 (N.D. Cal. 2012) (quoting *Cabesuela v. Browning–Ferris Indus. of Cal., Inc.,* 68 Cal.App.4th 101, 111-12 (1998)). Libel and slander are both defined under the California Civil Code and require a "false and unprivileged publication," either "by writing," Cal. Civ. Code § 45 (libel), or "orally uttered," *id.* § 46 (slander), that "has a natural tendency to injure or which causes special damage." *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 27, 53 Cal. Rptr. 3d 752, 764 (Cal. Ct. App. 2007). "To support a claim for defamation, the plaintiff must establish that the individual defendants took a 'responsible part' in the publication of defamatory matter." *Hawran v. Hixson*, 209 Cal. App. 4th 256, 275-76, 147 Cal. Rptr. 3d 88, 105 (Cal. Ct. App. 2012) (quoting *Shively v. Bozanich*, 31 Cal. 4th 1230, 1245, 7 Cal. Rptr. 3d 576 (2003)). Plaintiff has not alleged that Stanford published any defamatory statements.

To plead a cause of action for breach of fiduciary duty in California, a plaintiff must allege the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. *Pierce v. Lyman,* 1 Cal. App. 4th 1093, 1101 (1991). "[F]iduciary relationships arise out of certain canonical relationships that are legally defined and regulated . . . such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client, whereas a 'confidential relationship' may be founded on a moral, social, domestic, or merely personal relationship as well as on a legal relationship." *Richelle L. v. Roman Catholic Archbishop of San Francisco,* 106 Cal.App.4th 257, 270-72 (2003) (citation omitted). Courts have not found a fiduciary relationship to exist in the circumstances pled.

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Such is

3

the case here. Because there is no basis for this Court's subject matter jurisdiction and the facts alleged cannot support any causes of action, the Court dismisses the complaint without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106-07 (9th Cir. 1995) (dismissal without leave to amend is proper where amendment would be futile).

### III. CONCLUSION

For the reasons above, the Court grants Plaintiff's IFP Application and dismisses the Complaint without leave to amend.

IT IS SO ORDERED.

Dated: November 18, 2013

_____
EDWARD M. CHEN
United States District Judge